**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3296
_____

SAM H. JAMES, JR.,
                              Appellant

v.

STUART RAPNER, Chief Justice, Individually and in professional capacity;
THOMAS ZAMPINO, Superior Court Judge, Individually and in professional capacity
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2-11-cv-06249)
District Judge:  Honorable Dennis M. Cavanaugh
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 2, 2013

Before: SMITH, GARTH and ROTH, Circuit Judges

(Opinion filed: February 11, 2014)
_____

OPINION
_____

PER CURIAM

        Pro se appellant Sam H. James, Jr., appeals from the District Court's order

dismissing his complaint and denying a subsequent motion for reconsideration.  For the

following reasons, we will affirm the District Court's judgment.

James filed a complaint against Stuart Rapner, Chief Justice of the Supreme Court of New Jersey, and Thomas Zampino, a New Jersey Superior Court judge, in both their individual and official capacities, alleging "willful and intentional malfeasance" in violation of his constitutional rights through malicious prosecution, racial discrimination, and the repeated failure to appoint counsel. The District Court dismissed James' complaint both as frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) & (ii). In addition, the Court sua sponte ordered that any future filings related to the matter be transmitted to chambers for review prior to filing, and enjoined James from (1) appearing in person in the Clerk's Office or any courtroom "in the Newark vicinage of the United States District Court," or (2) contacting Chambers or the Clerk's Office except by mail. James filed a "Motion for a New Trial" which the District Court properly construed as a timely motion for reconsideration pursuant to Fed. R. Civ. P. 59(e). The motion was denied and James timely appealed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the dismissal of a complaint for failure to state a claim, see Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000), and review an order denying a motion reconsideration for abuse of discretion, see Max's Seafood Café v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999) (citation omitted).

The District Court properly dismissed the complaint because James failed to state a claim for relief that is plausible on its face. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Judges are absolutely immune from suit for actions performed in their judicial

2

capacity, and there are no discernible allegations against the judges in their individual capacities.  See Stump v. Sparkman, 435 U.S. 349, 355-56 (1978).  We note that James does not challenge on appeal the District Court's filing restrictions or injunction, nor would we find error with them. See generally Chambers v. NASCO, Inc., 501 U.S. 32, 44-45 (1991) (noting that courts have the "ability to fashion an appropriate sanction for conduct which abuses the judicial process.").   Accordingly, we will affirm the District Court's judgment.  James' motions for recusal are denied.